**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2070
_____

JEREMIAH L. METCALF

v.

ANDREW CRAMER; KIMBERLY WOLFE; SHIPPENSBURG BOROUGH

ANDREW CRAMER; SHIPPENSBURG POLICE DEPARTMENT
Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-18-cv-02229)
District Judge: Honorable Jennifer P. Wilson
_____

Argued on May 21, 2024

Before: RESTREPO, FREEMAN, and McKEE, *Circuit Judges*

(Opinion filed: July 18, 2024)

Walter F. Kawalec, III          **[ARGUED]**
Marshall Dennehey Warner Coleman & Goggin
15000 Midlantic Drive
Suite 200, P.O. Box 5429
Mt. Laurel, NJ 08054
          *Counsel for Appellants*

Harry T. Coleman          **[ARGUED]**
Suite 316
41 N. Main Street
Carbondale, PA 18407
          *Counsel for Appellee*

_____

OPINION[*]
_____

**FREEMAN**, *Circuit Judge*.

Shippensburg Police Officer Andrew Cramer and the Shippensburg Police Department appeal the District Court's order denying them summary judgment on qualified immunity grounds. We will dismiss the appeal for lack of jurisdiction.

**I**

Officer Cramer responded to a call about a vehicle idling in a parking lot. When he and his colleague arrived, they discovered Jeremiah Metcalf asleep in the vehicle. After rousing him, Cramer asked Metcalf to exit the vehicle so he could search it. Metcalf complied, but a few minutes later, he entered Cramer's police cruiser and began driving it. Cramer pursued Metcalf on foot. As Metcalf turned toward the exit, Cramer fired his gun at Metcalf and hit him in the shoulder.

Metcalf filed an action under 42 U.S.C. § 1983 against several defendants. As relevant here, he alleged that Cramer violated his constitutional right to be free from excessive force. Following discovery, the parties cross-moved for summary judgment.

A Magistrate Judge issued a report and recommendation ("R&R") that Cramer's motion for summary judgment be denied on qualified immunity grounds. The R&R stated that there is a dispute of material fact as to whether Metcalf posed a danger to

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cramer or the public. Cramer did not object to the R&R, and the District Court adopted it in its entirety. Cramer and the Police Department timely appealed.[1]

## **II**[2]

Under the collateral order doctrine, we may review an interlocutory appeal in limited circumstances. *Johnson v. Jones*, 515 U.S. 304, 310 (1995). We may review the denial of qualified immunity at summary judgment "only to the extent that the denial turns on an issue of law." *Walker v. Horn*, 286 F.3d 705, 710 (3d Cir. 2002). However, "when a District Court rests its denial of summary judgment on the basis of qualified immunity on the existence of a genuine issue of fact, . . . we have no jurisdiction." *Id.*

Because the District Court denied summary judgment due to a genuine issue of material fact, we have no jurisdiction over this appeal and must dismiss it.[3]

---

[1] Although the notice of appeal was filed by Cramer and Shippensburg Police Department, the Police Department is not a defendant in the operative complaint. Moreover, the appellants' brief purports to be on behalf of Cramer and Shippensburg Borough, but the District Court granted summary judgment for the Borough on the only claim brought against it. The parties do not seek to resolve these discrepancies. Given our resolution of this appeal, neither do we.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331.

[3] We recognize that the District Court did not address certain facts in the record. Nonetheless, "we lack jurisdiction to consider whether the district court correctly identified the set of facts that the summary judgment record is sufficient to prove." *Ziccardi v. City of Philadelphia*, 288 F.3d 57, 61 (3d Cir. 2002).